IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　　No. 3:20-CR-103-TAV-HBG
　　　　　　　　　　　　　　　　　　　　)
MATTHEW PAUL BAJAJ,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　)

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial and All Deadlines [Doc. 15], filed on December 3, 2020. The Defendant asks the Court to continue the January 11, 2021 trial date, because counsel needs additional time to review discovery and to prepare the case for trial. The motion asserts that additional discovery, including forensic reports of cellular telephones and computers, is expected but is not yet available to the Government. The Defendant argues that a trial continuance would further the ends of justice. The Government informed Chambers that it did not object to the requested continuance. The parties agreed on a new trial date of June 1, 2021.

The Court finds Defendant Bajaj's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the January 11, 2021 trial date must be continued pursuant to the Standing Orders of this Court. On November 30, 2020, Chief United States District Judge Travis

R. McDonough entered Standing Order 20-21, which continues all jury trials between November 30, 2020, and January 15, 2021. This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial." E.D.TN SO-20-21. In the Standing Order, the Court finds the time between November 30, 2020, and January 15, 2021, to be excluded under the Speedy Trial Act. E.D.TN SO-20-21.

Additionally, the Court observes that additional time is necessary to prepare this case for trial. Defendant Bajaj is charged with kidnapping (Count One), transportation of a minor in interstate commerce with intent to engage in sexual activity (Count Two), and interstate travel for the purpose of engaging in illicit sexual conduct (Count 3) [Doc. 7]. Defendant first appeared on a Criminal Complaint on October 29, 2020, and was arraigned on an Indictment on November 4, 2020. Defense counsel states that he received initial discovery on November 13, 2020, and anticipates additional discovery, when it becomes available to the Government. The Court finds that counsel needs time to review the discovery and investigate the facts of the case, to confer with the Defendant, to prepare and litigate motions, and to prepare the case for trial. These trial preparations cannot be concluded by the January 11 trial date or in less than five months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 15**] is **GRANTED**. The trial of this case is reset to **June 1, 2021**. The Court finds that all the time between the filing of the

2

motion on December 3, 2020, and the new trial date of June 1, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B); E.D.TN SO-20-21.  The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial and All Deadlines [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 1, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **December 3, 2020**, and the new trial date of **June 1, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **January 22, 2021**;

(5) Responses to motions are due on or before **February 5, 2021**;

(6) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 3, 2021**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **May 17, 2021, at 11:30 a.m.**  This date is also the deadline for filing motions *in limine*; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **May 21, 2021**.

**IT IS SO ORDERED.**

ENTER:

H. Bruce Guyton
United States Magistrate Judge

3